UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                                      *
F/V SAILOR, INC., a Maine Corporation, having         *
its principal place of business in Rockland, County   *
of Knox, and State of Maine                           *
                                                      *
                      Plaintiff                       *    CIVIL NO. 2:03-CV-261
        v.                                            *
                                                      *
THE CITY OF ROCKLAND, MAINE,                          *
                                                      *
                      Defendant                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS**

NOW COMES the Plaintiff, F/V SAILOR, INC., by and through its counsel, Howard & Bowie, P.A., and pursuant to Rule 56 F.R. Civ. P., and Rules 7 and 56, Rules of the United States District Court for the District of Maine, and responds to Defendant's Statement of Material Facts as follows:

1. This is an action to recover damages arising out of the sinking of the F/V SAILOR on February 16, 2004, while moored alongside the Rockland City Fish Pier. Plaintiff's Complaint at ¶13.

**ANSWER:** QUALIFIED. It is assumed that the date was intended to be February 16, 2002 in which case the Plaintiff admits this paragraph.

2. Gary Hatch is the President and majority controlling shareholder of F/V SAILOR, Inc. Dep. of Gary Hatch, Page 47, Lines 2-10. He holds himself out as a marine surveyor and has testified as such. Dep. of Gary Hatch, Vol. II, Page 83, Lines 3-12; Page 89, Lines 6 to Page 90, Line 15. He has been designated by Plaintiff as an Expert Witness in this action. Ex. A (Plaintiff's Designation of Experts).

**ANSWER:** ADMITTED

3. The F/V SAILOR is, and was at the time of her sinking on February 16, 2002, a commercial fishing vessel owned by the Plaintiff, F/V SAILOR, Inc., and a documented vessel of the United States of America bearing Official Number 560093. She was built of wood in 1974. Ex. B (Hatch dep. Ex. 12).

**ANSWER:**  ADMITTED

      4.  The F/V SAILOR was purchased by the plaintiff F/V SAILOR, Inc. in June of 2000 for $35,000.00.  Dep. of Gary Hatch at 46, Lines 14 - 19.

**ANSWER:**  ADMITTED

      5.  At the time of her sinking on February 16, 2001, the F/V SAILOR had no fish or catch aboard and was covered under a marine hull insurance policy for an "agreed value" of $50,000.00.  Ex. C (Hatch Dep. Ex. 5), Dep. of Gary Hatch Page 49, Line 14 to Page 50, Line 1; Page 56, Lines 1-3.

**ANSWER:** QUALIFIED.  It is assumed that the date was intended to be February 16, 2002 in which case the Plaintiff admits this paragraph with the qualification that the Plaintiff and the insurance company had initiated the process for increasing the "agreed value" to reflect the extensive improvements recently completed by the Plaintiff.  Affidavit of Gary Hatch paragraph number 10.

      6.  After the sinking, the F/V SAILOR was sold to CAJEE, Inc., for $25,000.00 "as is where is" Dep. of Gary Hatch, Pg. 41, Lines 6-9

**ANSWER:** ADMITTED

      7.  The fair market value of the F/V SAILOR immediately prior to the sinking of February 16, 2002, was between $50,000.00 and $180,000.00.  Dep. of Gary Hatch, Page 54, Lines 8-20; Ex. C (Hatch Dep. Ex.5).

**ANSWER:**  DENIED.   Mr. Hatch's opinion of value was $150,000.00 to $180,000.00 for the vessel immediately prior to the sinking (deposition of Gary Hatch, Page 54 lines 8 - 20, however, the total value of the loss must also include the value of the National Marine Fisheries Permit which was valued by Gary Hatch at $190,000.00 for a combined total range of $340,000.00 - $370,000.00.   See Hatch Affidavit, Exhibit B, paragraph number 6.

      8.  After the sinking, Plaintiff requested Wayfarer Marine, Inc., to provide F/V SAILOR, Inc., with an estimate of the repairs necessary to bring the F/V SAILOR back to its pre-sinking state.  Wayfarer Marine, Inc., sent a team to inspect the vessel for purposes of generating the estimate which totaled $187,543.00.  Deposition of Gary Hatch, Page 57, Line 7 to Page 58, Line 14; Pages 63, Line 25 to Page 64, Line 7; Ex. D (Hatch Dep. Exhibit 6).

**ANSWER:**  QUALIFIED. The repairs by Wayfarer Marine, Inc. made certain assumptions such as rebuilding of the diesel's main engine, rebuilding of the diesel for the genset and replacing the reduction gear on the main engine.  In fact Mr. Hatch was able to make the vessel operational without doing all of the repairs estimated by Wayfarer Marine, Inc.  Exhibit D (Hatch Dep.

Exhibit 6).  Affidavit of Gary Hatch, paragraph number 6.

9.  The amount of $187,543.00 is a reasonable and accurate cost to put the F/V SAILOR back into the condition she was in prior to the sinking. Dep. of Gary Hatch, Page 57, Lines 11-14; Page 63, Lines 15-18.

**ANSWER:**  QUALIFIED.  The estimate of $187,543.00 was based on assumptions made concerning certain gear and equipment as stated in number 8 above which could not be accurately determined until the vessel was repaired sufficiently so that it could be relaunched and sea trials could be conducted.  Affidavit of Gary Hatch, paragraph 6 .

10.  In this action, Plaintiff asserts an entitlement to, and is making claim for, damages over and above the fair market value of the vessel and which include lost profits, consequential damages, and out of pocket expenses.  The total of the damages alleged is $603,291.00.  Dep. of Gary Hatch at Page 67, Line 13 to Page 68, Line 19; Page 71, Lines 4 to 13; Ex. E (Clayton Howard, Esq. demand letter of March 18, 2004).

**ANSWER:**  QUALIFIED.  Plaintiff asserts damages in excess of $1,165,602.00 and the demand letter for settlement was $603,291.00.  Dep. of Gary Hatch at Page 68, line 17.

11.  The cost of repairs that would have been necessary to return the F/V SAILOR to her pre-sinking condition exceeded the fair market value of the vessel immediately prior to the sinking.  Dep. of Gary Hatch, Page 65, Line 24 to Page 66, Line 15; Affidavit of Joseph Lobley, ¶3.

**ANSWER:**  DENIED.  The cost of repairs to refloat F/V Sailor and to return her to fishing service did not exceed the fair market value of the vessel immediately prior to the sinking.  The actual repairs to the F/V Sailor were less than the fair market value of the vessel, without the permits,  of at least $150,000.00 and less than the value of the vessel, with its fishing permits, of at least  $340,000.00.  Affidavit of Gary Hatch paragraph numbers 6, 7 and 8.

12.  The F/V SAILOR was a constructive total loss as a result of the sinking on February 16, 2002.  Dep. of Gary Hatch, Page 65, Line 24 to page 66, Line 15; Affidavit of Joseph Lobley, ¶ 3.

**ANSWER:**  DENIED.  Affidavit of Gary Hatch paragraph numbers 6, 7, 8 and 9.

Dated at Damariscotta, Maine, this 3rd day of May, 2004.

   /s/ Clayton N .Howard
Clayton N. Howard, Esq.
**HOWARD & BOWIE, P.A.**
P.O. Box 460
Damariscotta, Maine 04543
(207)563-3112
govec@hotmail.com
Bar ID# 115

### CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2004, I electronically filed Plaintiff's Response to Defendant's Statement of Material Facts with the Clerk of Court using the CM/ECF system which will send notification of such filing to William H. Welte, Esq. at weltelaw@adelphia.net.

   /s/ Clayton N .Howard
Clayton N. Howard, Esq.
**HOWARD & BOWIE, P.A.**
P.O. Box 460
Damariscotta, Maine 04543
(207)563-3112
govec@hotmail.com
Bar ID# 115