## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
                                                     *
F/V SAILOR, INC., a Maine Corporation, having        *
its principal place of business in Rockland, County  *
of Knox, and State of Maine                          *
                                                     *
                        Plaintiff                    *   CIVIL NO. 2:03-CV-261
   v.                                                *
                                                     *
THE CITY OF ROCKLAND, MAINE,                         *
                                                     *
                        Defendant                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
WITH INCORPORATED MEMORANDUM,**

    NOW COMES the Plaintiff, F/V SAILOR, INC., by and through its counsel, Howard & Bowie, P.A., and pursuant to Rule 56 F.R. Civ. P., and Rules 7 and 56, Rules of the United States District Court for the District of Maine, and responds to Defendant's Motion For Partial Summary Judgment With Incorporated Memorandum.   The parties agree that the F/V Sailor was not a total loss when she sank at the Rockland Fish Pier on February 16, 2002.  The parties disagree on the issue of whether or not this vessel was a constructive total loss, thereby precluding the owner of the vessel from seeking lost profits.  The issue of whether or not the vessel was salvaged becomes a matter of material fact, and in the case of *Matter of DNH Towing,* a 1998 Order used the definition "where the costs of repair exceed the pre-accident value......" "*ample authority ..... Ryan Walsh v. James Marine*, 792 F.2d 489, 491; *Kingfisher v. N.P. Sunbonnet,* 724 F.2d 1181, 1187", *Matter of DNH Towing Ca,* 1988 WL 404641.

    1. **Salvaged Value Relevant:**

    The issue of whether or not the vessel was salvaged becomes a matter of material fact, and in the case of *Matter of DNH Towing,* a 1998 Order used the definition "where the costs of repair exceed the pre-accident value......" "*ample authority ..... Ryan Walsh v. James Marine*, 792 F.2d 489, 491; *Kingfisher v. N.P. Sunbonnet,* 724 F.2d 1181, 1187", *Matter of DNH Towing Ca,* 1988 WL 404641.

The decision denied a Motion for Summary Judgment finding that there were genuine issues of material fact concerning the value of the vessel, and that **whether the vessel is salvaged** is relevant to whether it can claim to be a total constructive loss. **Since F/V Sailor was salvaged, no constructive total loss could exist.**

2. **Value Subjective/All Relevant Facts:**

In *Matter of Crounse Corp.,* 956 F Supp 1377, 1381, (W.D.Tenn., 1996), discussing constructive total loss, the court held that "Value is, to a great extent, a subjective consideration. In *Standard Oil,* 268 US 146, 156-58 (1925), the Court instructed: It is to be borne in mind that value is the thing to be found, and that neither cost of reproduction new, nor that less depreciation, is the measure or sole guide. The ascertainment of value is not controlled by artificial rules. It is not a matter of formulas, but there must be a reasonable judgment having its basis in a proper consideration of all relevant facts."

3. **Repairs Already Made:**

In *Lenfest v. Coldwell,* 525 F. 2d 717, 725, (1975) where, as in the present case, the vessel was repaired prior to establishing whether there was constructive total loss, the court held that as opposed to most cases where the repairs have not been already made, "Here the claimed expenses were in a large part actually incurred by the owners and the determination of which of these expenses, if reasonable, should be allowed is a question of law. To determine the legal questions, however, we need more detailed findings on what these costs were for, and particularly, how they relate to the repair of the vessel. A remand for more detailed findings is required, especially since the figure arrived at by the court was less than $30,000.00 short of the crucial sum of $240,000.00."

In the present case, the estimated repairs were merely an estimate. In fact, repairs were made, and the ship was put back into service. In the process it was found that some estimated repairs were not needed.

4. **Abandonment Issue For Total Constructive Loss:**

*Fuller v. State Farm,* 721 F.Supp 1219, 1224 (1989), holds that abandonment is necessary to find constructive total loss. "Constructive total loss, it will be seen, is distinguished on one side from actual total loss, and on the other side from partial loss. The principal effect of the first distinction is that no formal abandonment need be made in respect of the actual loss, while the tender of abandonment, either accepted by the underwriter or binding upon him because of the existent facts, is a prerequisite to a claim under a constructive total loss." Here there was no abandonment.

Dated at Damariscotta, Maine this 3rd day of May, 2004.

   /s/ Clayton N. Howard
Clayton N. Howard, Esq.
**HOWARD & BOWIE, P.A.**
P.O. Box 460
Damariscotta, Maine 04543
(207)563-3112
govec@hotmail.com
Bar ID# 115

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2004, I electronically filed Plaintiff's Memorandum in Opposition to Defendant's Motion For Summary Judgment with Incorporated Memorandum with the Clerk of Court using the CM/ECF system which will send notification of such filing to William H. Welte, Esq. at weltelaw@adelphia.net.

   /s/ Clayton N .Howard
Clayton N. Howard, Esq.
**HOWARD & BOWIE, P.A.**
P.O. Box 460
Damariscotta, Maine 04543
(207)563-3112
govec@hotmail.com
Bar ID# 115