UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SAILOR INCORPORATED F/V )<br>)<br>  Plaintiff )<br>)<br>v. )<br>)<br>ROCKLAND, CITY OF )<br>)<br>  Defendant )<br>) | CIVIL ACTION NO.:<br>2:03-CV-261 |

DEFENDANT'S REPLY STATEMENT OF MATERIAL FACTS

Now comes the Defendant and by its attorneys pursuant to Local Rule 56(d) submits its separate, short, and concise reply statement of material facts, limited to additional facts, in reply to the Plaintiff's Response to Defendant's Statement of Material Fact.

1.  ADMITTED.  It is assumed that the date was intended to be February 16, 2002 in which case the Plaintiff admits this paragraph.  ADMITTED

RESPONSE:  ADMITTED

5.  QUALIFIED.  It is assumed that the date was intended to be February 16, 2002 in which case the Plaintiff admits this paragraph with the qualification that the Plaintiff and the insurance company had initiated the process for increasing the "agreed value" to reflect the extensive improvements recently completed by the Plaintiff.

RESPONSE:  QUALIFIED.  Defendant admits that the date was intended to be February 16, 2002.  Defendant denies *that the insurance company* initiated the process for increasing the "agreed value."  Hatch testified he made the request of his agent, Smithwick & Clark, that the surveyor had not made an evaluation and that he had increased the value of the vessel by $80,000.00.  Dep. of Hatch, Vol. 1, Page 51, Line 18 to Page 52, Line 19.

7.  Mr. Hatch's opinion of value was $150,000.00 to $180,000.00 for the vessel immediately prior to the sinking (deposition of Gary Hatch, Page 54 lines 8 - 20, however, the total value of the loss must also include the value of the National Marine

Fisheries Permit which was valued by Gary Hatch at $190,000.00 for a combined total range of $340,000.00 -$370,000.00.

  RESPONSE:  DENIED.  The permits that plaintiff seeks to be included in the value of the vessel SAILOR for purposes of determining fair market value prior to the sinking were transferred by him from other vessels he had owned and were not lost, but were transferred by him after the sinking to a new, replacement vessel named SHEARWATER.  Deposition of Gary Hatch, Vol. I, Page 36, Line 8 to Page 38, Line 4; Page 76, Lines 18 to Page 78, Line 20; SMF, ¶ 7.

8. The repairs by Wayfarer Marine, Inc. made certain assumptions such as rebuilding of the diesel's main engine, rebuilding of the diesel for the genset and replacing the reduction gear "on the main engine".  In fact Mr. Hatch was able to make the vessel operational without doing all of the repairs estimated by Wayfarer Marine, Inc.

  RESPONSE:  DENIED.  The additional "fact" asserted is contrary to deposition testimony and, in any event, "operational" is not synonymous with "pre-sinking condition.  SMF, ¶¶ 8, 9; Dep. of Gary Hatch, Vol. 2, Page 41, Line 20 to Page 42, Line 13.

9. The estimate of $187,543.00 was based on assumptions made concerning certain gear and equipment as stated in number 8 above which could not be accurately determined until the vessel was repaired sufficiently so that it could be relaunched and sea trials could be conducted. Affidavit of Gary Hatch, paragraph 6.

  RESPONSE:  DENIED.  The additional "fact" asserted is contrary to deposition testimony.  SMF, ¶¶ 8, 9, 11; Dep. of Gary Hatch, Vol. 2, Page 41, Line 20 to Page 42, Line 13.

10. Plaintiff asserts damages in excess of $1,165,602.00 and the demand letter for settlement was $603,291.00. Dep. of Gary Hatch at Page 68, line 17. Dep. of Gary Hatch at Page 69, Line 13.   ADMITTED

  RESPONSE: ADMITTED. Defendant, without admitting liability for or plaintiff's entitlement to the amounts set out, admits that plaintiff has asserted damages in excess of $1,165,602.00 and the demand letter for settlement was $603,291.00. ADMITTED.

11. The cost of repairs to refloat F/V Sailor and to return her to fishing service did not exceed the fair market value of the vessel immediately prior to the sinking. The actual repairs to the F/V Sailor were less than the fair market value of the vessel, without the permits, of at least $150,000.00 and less than the value of the vessel, with its fishing permits, of at least $340,000.00. Affidavit of Gary Hatch paragraph numbers 6, 7 and 8.

  RESPONSE:  DENIED.  The additional "fact" asserted is contrary to deposition testimony.  The permits that plaintiff seeks to be included in the value of the vessel

2

SAILOR for purposes of determining fair market value prior to the sinking were transferred by him from other vessels he had owned and were not lost, but were transferred by him after the sinking to a new, replacement vessel named SHEARWATER. Deposition of Gary Hatch, Vol. I, Page 36, Line 8 to Page 38, Line 4; Page 51, Line 18 through Page 52, Line 16; Page 76, Lines 18 to Page 78, Line 20; Affidavit of William H. Welte, Ex. A.  SMF, ¶¶ 8, 9; Dep. of Gary Hatch, Vol. 2, Page 41, Line 20 to Page 42, Line 13.

## ADDITIONAL FACTS

13.   Plaintiff asserts damages in excess of $1,165,602.00 and the demand letter for settlement was $603,291.00. Dep. of Gary Hatch at Page 68, line 17. Dep. of Gary Hatch at Page 69, Line 13.

14.   The permits that plaintiff seeks to be included in the value of the vessel SAILOR for purposes of determining fair market value prior to the sinking were transferred by him from other vessels he had owned. Deposition of Gary Hatch, Vol. I, Page 36, Line 8 to Page 38, Line 4.

15.   The permits that plaintiff seeks to be included in the value of the vessel SAILOR for purposes of determining fair market value prior to the sinking were not lost, but were transferred by him after the sinking to a new, replacement vessel named SHEARWATER.  Deposition of Gary Hatch, Vol. 1, Page 76, Lines 18 to Page 78, Line 20.

16. At the time plaintiff requested an increase in the value of the vessel for insurance purposes in November of 2001, he had increased the value of the vessel by $80,000. Dep. of Gary Hatch, Vol. 1, Page 51, Line 18 through Page 52, Line 16.

17. On March 27, 2002, plaintiff submitted a Marine Casualty Claims Statement to Sunderland Marine Mutual Insurance Company in which he estimated damages to be between $200,000 and $300,000.  In doing so he declared that those figures were in every respect true and correct.  Affidavit of William H. Welte, Ex. A.

DATED:  May 17, 2004                         By its attorneys,

/s/ William H. Welte
WELTE & WELTE, P.A.
13 Wood Street
Camden, Maine  04843
(207) 236-7786
weltelaw@adelphia.net
Bar # 3391

3

CERTIFICATE OF SERVICE

       I hereby certify that on May 17, 2004, I electronically filed Defendant's Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Clayton N. Howard, Esq.
HOWARD & BOWIE, P.A.
One Main Street
P. O. Box 460
Damariscotta, ME  04543.

                                 /s/ William H. Welte
                                 WELTE & WELTE, P.A.
                                 13 Wood Street
                                 Camden, ME  04843
                                 (207) 236-7786
                                 weltelaw@adelphia.net
                                 Bar No.: 3391

Admiralty\sailor\sailor 2003\pleadings\reply statement of material facts.doc